**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10397 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00697-CRB-1 |
| v. | |
| RODERICK HAROLD BOLDS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted September 18, 2015
San Francisco, California

Before: CHRISTEN and FRIEDLAND, Circuit Judges, and LEMELLE,[**] Senior District Judge.

Roderick Bolds appeals his conviction on one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591, and one count of transportation of a minor

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

with the intent that she engage in prostitution, in violation of 18 U.S.C. § 2423. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

    1.    We reverse Bolds's conviction under 18 U.S.C. § 1591 because the indictment was constructively amended when the jury was instructed that the government need not prove Bolds knew Sara G. was younger than 18 years of age if it proved Bolds had a reasonable opportunity to observe her. The indictment alleged only that Bolds acted with knowledge or reckless disregard as to Sara G.'s age. Whether Bolds had a reasonable opportunity to observe Sara G. is a distinct theory of culpability with respect to her age. *See United States v. Robinson*, 702 F.3d 22, 32 (2d Cir. 2012); *see also* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22, § 108, 129 Stat. 227, 239 (2015) (amending § 1591(c) to clarify that proof of reasonable opportunity to observe obviates need to prove knowledge or reckless disregard).

Because we do not know which instructions the jury relied on when it convicted Bolds, and because it is impossible to know whether the grand jury would have charged Bolds on the "reasonable opportunity to observe" theory, the jury instructions constructively amended the indictment. *See United States v. Hui Hsiung*, 778 F.3d 738, 757 (9th Cir. 2015), *cert. denied*, 135 S. Ct. 2837 (2015);

*United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014).  We therefore reverse Bolds's conviction under 18 U.S.C. § 1591.  *See Ward*, 747 F.3d at 1193.

2. Because we reverse Bolds's conviction under § 1591, we do not reach his argument that the phrase "reasonable opportunity to observe" is unconstitutionally vague.

3. The district court correctly instructed the jury that it did not need to find Bolds knew Sara G. was younger than 18 years of age to convict him under 18 U.S.C. § 2423.  *United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001).  The Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), which addressed the knowledge requirement of aggravated identity theft under 18 U.S.C. § 1028(A)(1), is not clearly irreconcilable with our holding in *Taylor*.  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *Flores-Figueroa*, 556 U.S. at 660 (Alito, J., concurring in part) (citing § 2423 and explaining that context may rebut the presumption that a specified mens rea applies to all elements of an offense).

4. The district court did not abuse its discretion by permitting the government's expert, Detective Derek Stigerts, to testify under Federal Rule of Evidence 702.  Further, the expert's testimony did not violate the Confrontation Clause.  The expert "distilled and synthesized what he had learned through his

3

experience" and did not provide testimonial hearsay. *See United States v. Vera*, 770 F.3d 1232, 1239 (9th Cir. 2014).

    5.    The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

4